UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| THE HUNTINGTON NATIONAL BANK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| RDJ LAND & PROPERTY GROUP, LLC, | ) |
| DAVID P. HOFFMAN, | ) |
| RON PRESTON, | ) |
| JACQUELINE STEPHENSON, | ) |
| PAMELA L. HOFFMAN, | ) |
| ANDI-ZACH, INC., | ) |
| A2Z RESTAURANT, INC., | ) |
| UNITED STATES SMALL BUSINESS | ) |
| ADMINISTRATION, | ) |
| INDIANA STATEWIDE CERTIFIED | ) |
| DEVELOPMENT CORPORATION, | )   No. 1:10-cv-00678-TWP-DKL |
| | ) |
| Defendants. | ) |
| | ) |
| ──────────────────────────── | ) |
| | ) |
| UNITED STATES SMALL BUSINESS | ) |
| ADMINISTRATION, | ) |
| | ) |
| Counter Claimant, | ) |
| | ) |
| vs. | ) |
| | ) |
| THE HUNTINGTON NATIONAL BANK, | ) |
| | ) |
| Counter Defendants. | ) |
| | ) |
| ──────────────────────────── | ) |
| | ) |
| UNITED STATES SMALL BUSINESS | ) |
| ADMINISTRATION, | ) |
| | ) |
| Cross Claimant, | ) |
| | ) |
| vs. | ) |
| | ) |

| | |
|---|---|
| PAMELA L. HOFFMAN, | ) |
| DAVID P. HOFFMAN, | ) |
| ANDI-ZACH, INC., | ) |
| RDJ LAND & PROPERTY GROUP, LLC, | ) |
| A2Z RESTAURANT, INC., | ) |
| RON PRESTON, | ) |
| INDIANA STATEWIDE CERTIFIED | ) |
| DEVELOPMENT CORPORATION, | ) |
| JACQUELINE STEPHENSON, | ) |
| | ) |
| Cross Defendants. | ) |
| | ) |

## ENTRY ON PARTIES' CROSS-MOTIONS FOR SUMMARY JUDGMENT

This matter is before the Court on Plaintiff Huntington National Bank's ("the Bank") and Defendant/Cross-Plaintiff United States Small Business Administration's ("SBA") motions for summary judgment against Defendants RDJ Land & Property Group, LLC ( "RDJ"), David P. Hoffman, Ron Preston, Jacqueline Stephenson, Pamela L. Hoffman, Andi-Zach, Inc., and A2Z Restaurant, Inc. ("collectively the Defendants"). SBA and the Bank request that the Court grant them judgment for the debt owed by RDJ and the Defendants personally. Additionally, the Bank requests judgment of certain default charges. SBA's motion is unopposed by both the Bank and RDJ. The Bank's motion is unopposed by RDJ, but SBA objects to the Bank's motion for default charges. For the following reasons, SBA's motion (Dkt. 44) is **GRANTED.** Likewise, the Bank's motion (Dkt. 47) is **GRANTED.**

## BACKGROUND

The facts are not in dispute. On March 29, 2007, RDJ executed and delivered to the Bank a promissory note in the principal amount of $533,393.50. Under the terms of the note, RDJ agreed to pay the Bank the principal amount with interests in accordance to the payment schedule set forth in the note. The note also stated that in the event of RDJ's default, the interest rate would increase to a default rate and that RDJ would pay the Bank a late charge on any

2

payment due that was eleven days late or more.  Further, the note included a prepayment penalty provision.  In conjunction with the execution of the note, the personally named Defendants each executed and delivered to the Bank a Commercial Guaranty dated March 29, 2007, under which each absolutely and unconditionally guaranteed the full and punctual payment and satisfaction of the present and future debt.  As security for the payment of the loan, on July 17, 2007, RDJ granted the Bank a lien on certain real property which was then owned by RDJ pursuant to a mortgage dated July 17, 2007.  RDJ also granted the Bank a security interest in certain fixtures and personal property, which are not at issue in this case.

On July 29, 2008, RDJ executed and delivered to Indiana Statewide Certified Development Corporation ("CDC") a promissory note in the principal amount of $436,000.  To secure the note, RDJ executed and delivered to CDC a lien in the form of a mortgage dated July 29, 2008, on the real property which was then owned by RDJ.  To further secure payment of the note each of the personally named defendants executed and delivered to CDC unconditional guaranty agreements.  CDC then assigned the note, lien, and guaranties to SBA; SBA is now the holder/owner of the documents.

Also on July 29, 2008, CDC/SBA and the Bank entered into a Third Party Lender Agreement.  This agreement stated that CDC/SBA's lien would be junior and subordinate to the lien held by the Bank.  It also stated in paragraph 9(b) that:

> To the extent the Third Party Lender Lien secures any amounts attributable to Default Charges, which may exist in the Third Party Loan and Third Party Lender Lien, Third Party Lender Lien is and will be subordinate to the 504 Loan and the CDC Lien. This subordination applies only to CDC and SBA and their successors and assigns, and in no event shall be applicable to Borrower or any guarantor of the Third Party Loan.

Dkt. 52-1 at 3.  Wherein, "Third Party Lender Lien" and "Third Party Loan" refer to the Bank's lien and loan, and "504 Loan" and "CDC Lien" refer to the loan and lien now owned by SBA.

3

RDJ defaulted under the notes. The Bank exercised its right to accelerate its note and declare all amounts owed immediately due and payable. After RDJ and the guarantors failed to pay the debt, the Bank filed its complaint, including a foreclosure action, on April 27, 2010. SBA removed the action to federal court and subsequently filed its cross- and counterclaim, including a foreclosure action. Thereafter, on February 10, 2011, RDJ sold the property securing the notes with the consent of the Bank and SBA. The proceeds of the sale were distributed to the Bank and SBA, but were not enough to satisfy the full debt. Under the terms of the short sale, SBA released its mortgage and terminated its lien. SBA then moved to dismiss its foreclosure action, which this Court granted (Dkt. 33). The Bank also filed to dismiss its foreclosure action, which this Court granted (Dkt. 54).

## LEGAL STANDARD

Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Hemsworth v. Quotesmith.Com, Inc.*, 476 F.3d 487, 489–90 (7th Cir. 2007). In ruling on a motion for summary judgment, the court reviews "the record in the light most favorable to the nonmoving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted). However, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Hemsworth*, 476 F.3d at 490 (citation omitted).

## **DISCUSSION**

Both the Bank and SBA seek summary judgment against RDJ and the personal guarantors for the debt due on the notes. Both parties point out that Defendant Andi-Zach, Inc. filed a Chapter 11 Voluntary Bankruptcy petition in the United States Bankruptcy Court for the Southern District of Ohio. *See In re Andi-Zach, Inc.,* Case No. 1:11-bk-15123 (S.D. Ohio). On the basis of that filing, the parties do not seek judgment against guarantor Andi-Zach, Inc.

The only disputed issue before the Court is whether the Third Party Lender Agreement's ("TPLA") subordination clause regarding default charges is still applicable once the property has been sold and liens discharged. This is an issue of contract interpretation. The bedrock principles of Indiana contract law are well-settled. The Court's primary objective is to effectuate the intent of the parties at the time the contract was made, which is determined by examining the language the parties used to express their rights and duties. *Trustcorp Mortg. Co. v. Metro Mortg. Co.*, 867 N.E.2d 203, 212–13 (Ind. Ct. App. 2007). The Court must read the contract as a whole, construing language to give meaning to all of the contract's words, terms, and phrases. *Id*. at 213. Likewise, the Court must accept a contract interpretation that harmonizes provisions, not one that places provisions in conflict. *Id*.

The relevant contract provisions are as follows:

> The parties have required the Borrower to grant liens or security interests in the Project Property to secure the separate loans advanced by the parties (Common Collateral), and the lien or security interest held by CDC (CDC Lien) will be junior and subordinate to the lien or security interest held by the Third Party Lender (Third Party Lender Lien), unless CDC and SBA agree otherwise in writing.

Dkt. 52-1 at 1. Furthermore, paragraph 9 states:

> a. The term "Default Charges" used in this paragraph includes, but is not limited to, prepayment penalties, late fees, other default charges, and escalated interest after default due under the Third Party Loan.

5

> b. To the extent the Third Party Lender Lien secures any amounts attributable to Default Charges, which may exist in the Third Party Loan and Third Party Lender Lien, Third Party Lender Lien is and will be subordinate to the 504 Loan and CDC Lien. This subordination applies only to CDC and SBA and their successors and assigns, and in no event shall be applicable to Borrower or any guarantor of the Third Party Loan.

Dkt. 52-1 at 3. The Court finds these passages unambiguously give the Bank's lien priority over SBA's loan and lien. However, SBA's loan and lien have priority over any default charges secured by the Bank's lien. Importantly, paragraph 9 does not use the words "loan" and "lien" interchangeably, and it is reasonable to conclude the terms mean different things. *See PNC Bank, Nat'l Ass'n v. LA Dev., Inc.*, __ N.E.2d __, No. 41A01-1107-MF-314, 2012 WL 3156539 at *4 (Ind. Ct. App. Aug. 6, 2012) (holding that when subordination agreement listed "liens" and "mortgages" separately, a reasonable reading led to the conclusion that "mortgages" represents something more than "liens"). Moreover, the TPLA specifically states that only the default charges secured by the Third Party Lender Lien are subordinate to SBA's loan or lien, as opposed to stating that default charges under the Third Party Loan are subordinate to SBA's loan or lien.

As it currently stands, the property securing the notes has been sold and both the Bank's and SBA's liens on the property have been discharged.[1] In other words, there is no longer a "Third Party Lender Lien" or "CDC Lien." All that remains are the notes, or loans, due to the Bank and SBA. SBA has made no showing to the Court that establishes default charges due under the Bank's loan are subordinate to SBA's loan. The Court can infer no intent in the TPLA that would extend the subordination found in paragraph 9(b) to the Bank's loan, given the

---

[1] In SBA's motion to dismiss the foreclosure action, it specifically states that "[SBA] released its mortgage and assignment of leases and rents, and terminated its lien on collateral." Dkt. 31 at 2. In the Bank's motion to dismiss, it declared that its mortgage foreclosure actions were moot, which the Court interprets as acknowledging the discharge of its lien.

different uses of "loan" and "lien" in paragraph 9(b). Therefore, the Court concludes that paragraph 9(b) no longer applies, and the Bank may pursue default charges regardless of whether SBA's loan is satisfied. Therefore, SBA is not entitled to priority over any default charges due to the Bank.

Turning specifically to SBA's own motion for summary judgment against RDJ and the guarantors, the guarantors in this case have not denied that they signed the guaranties and have not alleged any facts as to why the guarantees should not be enforced. Furthermore, SBA has asked the Court to recognize it is entitled to the right of redemption under 28 U.S.C. § 2410(c). Because here, "a sale of real estate [was] made to satisfy a lien prior to that of the United States, the United States shall have one year from the date of sale within which to redeem." 28 U.S.C. § 2410(c). SBA's motion for summary judgment is therefore granted as to Counts I and IV of its Crossclaim.

Turning to the Bank's motion for summary judgment against RDJ and the guarantors, likewise the guarantors in this case have not denied that they signed the guaranties and have not alleged any facts as to why the guarantees should not be enforced. Therefore, the Bank's motion for summary judgment is granted as to its claims against RDJ and the personal guarantors.

## **CONCLUSION**

For the reasons set forth in this Entry, SBA's motion (Dkt. 44) is **GRANTED.** Likewise, the Bank's motion (Dkt. 47) is **GRANTED**.

A separate entry will follow addressing the amount of debt owed, interest, attorney fees and final judgment.

SO ORDERED.

Date: 09/24/2012

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Jeffrey L. Hunter
UNITED STATES ATTORNEY'S OFFICE
jeff.hunter@usdoj.gov

Jill Z. Julian
UNITED STATES ATTORNEY'S OFFICE
jill.julian@usdoj.gov

James M. Matthews
FROST BROWN TODD LLC
jmatthews@fbtlaw.com

Kari Yeomans
CAPARELLA-KRAEMER & ASSOC., INC.
kari@caparellakraemer.com